UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JABBAR A. BROWN,

                      Plaintiff,

                                                                 **DECISION AND ORDER**
      v.                                                                       16-CV-147

LATASHA JOHNSON,

                      Defendant.
_____

      This prisoner's civil rights case filed by Plaintiff Jabbar A. Brown was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. Plaintiff Brown's remaining causes of action[1] allege excessive use of force and failure to protect claims against Defendant Latasha Johnson.

      Defendant Johnson moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Dkt. 74), and on April 9, 2020, the Magistrate Judge filed a Report and Recommendation (Dkt. 84) recommending that the Court grant the motion for summary judgment.

      On April 23, 2020, Plaintiff Brown filed objections to the Report and Recommendation. Dkt. 85, 90 (under seal). Defendant Johnson responded (Dkt. 91) and

---

[1] Plaintiff's conspiracy, retaliation, and failure to train claims, as well as all defendants other than Defendant Johnson, were previously dismissed. *See* this Court's August 4, 2017 Order (Dkt. 18).

Plaintiff Brown replied (Dkt. 93 [redacted], 95 [under seal]). Oral argument on the objections took place on February 2, 2022.

The Court reviews the findings and conclusions of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). To the extent that a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the standard of review is *de novo*. *Id*.

Upon due consideration of the arguments, the Court adopts the conclusion of the Report and Recommendation that Plaintiff Brown failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and grants Defendant Johnson's motion for summary judgment. The Court adopts the reasoning of the Magistrate Judge in the Report and Recommendation.

The Court also finds that neither *Percinthe v. Julien*, 2009 U.S. Dist. LEXIS 64552 (S.D.N.Y. 2009) nor *Espinal v. Goord*, 558 F.3d 119 (2d Cir. 2009) provide support for Plaintiff Brown's argument that because an issue of fact exists regarding whether his February 3, 2015 complaint was involved in the investigation of his February 18, 2015 grievance, it is possible that he did exhaust his administrative remedies. Both cited cases indicate that any claim related to, but extraneous from, the grievance must have been specifically addressed in the denial of the grievance in order to satisfy the administrative exhaustion requirement. That did not occur here. *See* Dkt. 77-9. Accordingly, it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in the Report and Recommendation (Dkt. 84) and this Decision and Order, Defendant Johnson's motion for summary judgment (Dkt. 74) pursuant to Federal Rule of Civil Procedure 56 is granted. The Clerk of Court shall enter Judgment in favor of the Defendant Johnson and shall take all steps necessary to close the case.

Further, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

        *s/Richard J. Arcara*
        HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT COURT

Dated:   February 23, 2022